## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

02 APR 15 PM 2: 55

STEVEN C. GRIFFIN, ]
]
Plaintiff, ]
]
vs. ] CV-01-N-0542-S
]
RUBY TUESDAY, INC., ]
]
Defendant. ]

ENTERED
APR 1 5 2002

### Memorandum

Presently before the court is the defendant's renewed motion to transfer this action to the United States District Court for the Southern District of Alabama. [Doc. # 50.] The parties have submitted briefs and evidence in support of and in opposition to the motion. Upon due consideration, the court finds that the motion is due to be granted and that this action should be transferred to the Southern District.

### I.     Pertinent Facts.

Plaintiff Steven Griffin filed this action on March 2, 2001, seeking to vindicate his rights under the Americans with Disabilities Act. He alleges that defendant Ruby Tuesday, Inc., ("Ruby Tuesday") failed to promote him because he is HIV-positive and that it subsequently discharged him. All of the acts of which Griffin complains occurred in Mobile, Alabama. All of the medical treatment that he has received in regard to his relevant medical condition of which the court has been made aware has occurred in or around Mobile, Alabama. Griffin himself resides in or near Mobile, Alabama, as does a large proportion of the trial witnesses and potential trial witnesses that have been identified to the

79

court. It appears that the only connection that this action has to the Northern District of Alabama is that Griffin's attorney practices in Birmingham, Alabama.[1]

## II. Discussion.

28 U.S.C. § 1404(a) provides that a "district judge has the authority to transfer an action to any district in which it might have been brought for the convenience of parties and witnesses and in the interest of justice." *Howell v. Tanner*, 650 F.2d 610, 616 (5th Cir. 1981). The decision of whether to grant a motion to transfer a case pursuant to this provision is committed to the discretion of the court, and the court must review each motion to transfer on a case-by-case basis, considering a number of factors such as the plaintiff's choice of forum, the relationship of the action to the present venue, the location of trial witness, the location of evidence, the relative burdens on the parties, the location of the events giving rise to the action, and the ability of the court to compel witnesses to appear and testify. *Id.*; *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Mason v. Smithkline Beecham Clinical Laboratories*, 146 F. Supp. 2d 1355, 1359 (S. D. Fla. 2001). Although the court notes that under normal circumstances, it should afford great deference to the plaintiff's decision to file suit in the district of his choice, so long as venue is proper there, the court also notes that "where the forum selected by the Plaintiff is not connected with the parties or the subject matter of the lawsuit, it is generally less difficult than otherwise for the Defendant, seeking a change of venue, 'to meet the burden of showing sufficient

---

[1] Actually, proceedings in CV-01-AR-0701-S, another case in which this attorney is counsel to the plaintiff, reveal that Mr. Wilson is an employee of the Social Security Administration who has received permission to engage in the private practice of law. He is a member of the bar of Ohio, but not Alabama. His private "practice" has been pretty much limited to the four cases in this court where he has sought and obtained admission *pro hac vice*. Whether he is entitled to admission *pro hac vice* under his current circumstances is a matter presently before the court *en banc*.

inconvenience to tip the balance of convenience strongly in the Defendant's favor.'" *Owens v. Blue Tee Corp.*, 177 F.R.D. 673, 679 (M.D. Ala. 1998) (*quoting Patel v. Howard Johnson Franchise Systems, Inc.*, 928 F. Supp. 1099, 1101 (M.D. Ala. 1996)).

As Griffin does not dispute that this action could have been brought in the Southern District originally, the court will move on to an application of the above-noted factors to the facts of this case. The court recognizes at the outset that the Northern District of Alabama, the forum that Griffin selected, does not appear to be connected with either of the parties or the subject matter of this lawsuit. Indeed, it is undisputed that the plaintiff resides in the Southern District of Alabama, the defendant has its principal place of business in another state, and none of the alleged actions giving rise to this suit occurred in this district. As a result, Griffin's choice of forum is not due the deference that the court normally provides. In spite of this, the burden still rests with Ruby Tuesday to show that the court to which it seeks to have this action transferred is more convenient and in the interest of justice. It is the opinion of the court that Ruby Tuesday has carried this burden.

First, all of the alleged actions giving rise to this suit occurred, if at all, in the Mobile, Alabama, area, which is located in the Southern District. All six of Griffin's healthcare providers that have been identified to the court are located in the Mobile area. Dr. Keith Ramsay, Griffin's expert witness, is located in Mobile. Of the eight individuals that Ruby Tuesday intends to call at trial, four are located in the Mobile area, while one is located in Rockville, Maryland, one is located in Arlington, Virginia, and two are located in Maryville, Tennessee. Of the five individuals that Ruby Tuesday indicated that it may call at trial, three are located in the Mobile area, while one is located in Knoxville, Tennessee and one is

3

located in Alcoa, Tennessee. Ruby Tuesday has also stated that it may call representatives from Griffin's healthcare providers, all of which are located in the Mobile area, to testify at trial.

Griffin responds that of the group of individuals that Ruby Tuesday intends to call at trial, the court should disregard him and his expert, Dr. Ramsay. Dr. Ramsay should not be considered, he argues, because the fact that he is HIV-positive is undisputed, leaving Ruby Tuesday no real reason to call Dr. Ramsay. Thus, according to Griffin, only two individuals of the group that Ruby Tuesday's intends to call to testify are located in Mobile. Griffin further asserts that he is prepared to enter into a stipulation as to the authenticity of all of his medical records, alleviating the need for Ruby Tuesday's to call any representatives of his health care providers. Griffin further argues that the convenience of the parties does not serve as a basis for granting the motion to transfer as he chose to file suit in the Northern District and Ruby Tuesday's is located out of this state altogether. Finally, Griffin argues that the only reason Ruby Tuesday's is seeking to transfer venue to the Southern District is to capitalize on whatever goodwill it may have as a result of the location of its corporate headquarters in the Mobile area until it moved its headquarters to Tennessee in 2000, and that it is engaged in "forum shopping."

The court finds that, considering the foregoing, the motion to transfer should be granted. Whether or not it needs to do so, Ruby Tuesday is entitled to call Griffin's expert witness to testify. Indeed, Ruby Tuesday notes that there are more reasons that just the verification of Griffin's status as HIV-positive for which the expert could provide testimony, such as the effects of Griffin's medical condition. Ruby Tuesday further argues that the

medical providers may provide beneficial information through their testimony to which there cannot be a stipulation. The court notes that Griffin did not even address the fact that the majority of the second group of individuals, which Ruby Tuesday identified as possible witnesses, are located in Mobile. Griffin also failed to address the fact that all of the actions that gave rise to this suit occurred in the Southern District and that his only connection to the Northern District is that his attorney resides here. Finally, the court finds it odd that Griffin would refer to his own decision to file suit in this district, with which this action has no relationship, as "tactical" and yet would criticize Ruby Tuesday for engaging in "forum shopping." At any rate, the idea that Griffin will be unable to get a fair trial in the Southern District because the restaurant chain that he has sued once had its corporate headquarters in that area appears to be baseless.

The court is aware of the holding of a number of courts that in order to successfully have a case transferred due to the location of witnesses, the moving party should submit evidence to the court not only of who it expects to testify at trial, but also what it expects each witness to testify to. *See* 15 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3851 (2d ed. 2001) and cases cited therein. However, there is no precedent that is binding on this court that requires such a showing. Moreover, the purpose of such a requirement is to avoid a "battle of the numbers" in which the party that produces the longest list of witnesses, the location of which support its position on the motion, prevails. *See id.* In this case, there is no such concern, as there is no battle: Griffin has failed to identify a single individual residing or working in the Northern District who he expects to be called to testify at trial.

5

**III.     Conclusion.**

Upon careful review, the court finds that Ruby Tuesday's motion is due to be granted and this action should be transferred pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Southern District of Alabama for the convenience of the witnesses and in the interest of justice. A separate order will be entered contemporaneously with this memorandum of opinion.

Done, this 15th of April, 2002.

EDWIN NELSON
UNITED STATES DISTRICT JUDGE

6